# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05cv18

| | | |
|---|---|---|
| ALICE R. DAVIS, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | **ROSEBORO** |
| Vs. | ) | **ORDER** |
| | ) | |
| JOANNE BARNHART, Commissioner of Social Security, | ) ) | |
| | ) | |
|       Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court upon defendant's Motion for Issuance of Appropriate Order. Review of defendant's motion and the pleadings reveals that plaintiff is proceeding without an attorney, that she has filed a pleading indicating that she "has nothing to add," and has not indicated in any manner to the court why she believes the decision of the Commissioner of Social Security is incorrect.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that she carries a heavy burden in contesting the final decision of the Commissioner of Social Security. Under the Pretrial Order, plaintiff is obligated to file a "Motion for Summary Judgment" and a memorandum of law that indicates why she believes that the Commissioner's final decision is contrary to law or is not supported by "substantial evidence." Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). This court's inquiry is limited to whether "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, supra.

Put in non-legal terms, plaintiff in bringing this action must have some reason for believing that the Commissioner made a mistake in denying her claim for benefits. In order for the court to address this action, plaintiff needs to tell the court what mistake she believes

the Commissioner made in deciding her claim. Such an argument is usually made in the form of "the Commissioner's decision is not supported by 'substantial evidence' in the record," or that "the Commissioner's decision was contrary to law."

Finally, plaintiff will be allowed 14 days from the filing of this Order to file her Motion for Summary Judgment and supporting brief. Failure to do so may result in the summary dismissal of this civil action. Plaintiff is advised that it is not too late to seek the advice of an attorney, which is valuable when important rights such as disability benefits are at stake.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Issuance of Appropriate Order is **ALLOWED,** and the above Roseboro Order is entered. Plaintiff is allowed 14 days from the filing of this Order to file her Motion for Summary Judgment and supporting brief. The defendant is allowed 60 days from such filing to file its cross Motion for Summary Judgment and brief. Absent plaintiff making such filing within such period, the defendant is granted leave to file an appropriate motion for further summary relief.

This Order is entered in response to defendant's Motion for Issuance of Appropriate Order (#8).

**Signed: August 30, 2005**

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge